326 F.2d 663
 LOCAL 1441, RETAIL CLERKS INTERNATIONAL ASSOCIATION, AFL-CIO, and Retail Clerks International Association, AFL-CIO, Petitioners,
v.
NATIONAL LABOR RELATIONS BOARD, Respondent, and
Amalgamated Clothing Workers of America, AFL-CIO, Central States Joint Board, Amalgamated Clothing Workers of America, AFL-CIO, and Kentuckiana Joint Board, Amalgamated Clothing Workers of America, AFL-CIO, Intervenors.
 No. 17709.
 United States Court of Appeals District of Columbia Circuit.
 Argued November 20, 1963.
 Decided December 12, 1963.
 Petition for Rehearing En Banc Denied February 12, 1964.
 
 Mr. Tim L. Bornstein, Washington, D. C., with whom Mr. S. G. Lippman, Washington, D. C., was on the brief, for petitioners.
 Mr. Melvin J. Welles, Atty., N. L. R. B., with whom Messrs. Dominick L. Manoli, Associate Gen. Counsel, and Marcel Mallet-Prevost, Asst. Gen. Counsel, N. L. R. B., were on the brief, for respondent.
 Mr. Jacob Sheinkman, New York City, for intervenors. Mr. Elliot Bredhoff, Washington, D. C., also entered an appearance for intervenors.
 Before PRETTYMAN, Senior Circuit Judge, and BASTIAN and WRIGHT, Circuit Judges.
 PER CURIAM:
 
 
 1
 Petitioners seek to have this court review and set aside an order of the Board dismissing a complaint charging the Amalgamated Clothing Workers of America, AFL-CIO, and the Miracle Mart of Muncie, Indiana, with execution of an illegal union security contract in violation of Sections 8(a) (1), (2), and (3),[1] and 8(b) (1) (A),[2] as unsupported by a preponderance of the evidence.
 
 
 2
 Before the Board evidence was offered to show that one Ungar, Amalgamated's chief organizer, and one Breihof, general manager and labor relations director of Miracle Mart, entered into a conspiracy against petitioners to aid Amalgamated in the organization of the employer's store at Muncie. Pursuant to the conspiracy, three Amalgamated organizers are alleged to have been hired by one LaVictor, manager of the Muncie store, to assist in the organization. Without having the benefit of testimony of Ungar or LaVictor, the Board held that it was unnecessary to determine whether or not such a conspiracy did in fact exist because there was no proof that LaVictor hired the organizers in furtherance thereof.
 
 
 3
 The proof does show, however, that the acts alleged to have been agreed upon in the conspiracy did occur. The three organizers of Amalgamated did appear, they were hired by LaVictor, they did organize the Miracle Mart, and a contract was signed by Miracle Mart and Amalgamated.
 
 
 4
 We think that if the conspiracy between management and Amalgamated to organize the Muncie store existed, further proof of its effectiveness is not required to establish violations of Sections 8(a) (1), (2), and (3), and 8(b) (1) (A). Such a conspiracy would inevitably, in some degree at least, "interfere with, restrain, or coerce employees in the exercise of the rights guaranteed in section 7," and "interfere with the formation or administration of any labor organization." 29 U.S.C. § 158(a) (1) and (2). See also 29 U.S.C. § 158(a) (3).
 
 
 5
 We remand the case to the Board for the taking of the testimony of Ungar and LaVictor, together with any other testimony which may assist the Board in determining whether or not a conspiracy to violate the sections of the Act in suit did in fact exist. If the Board finds that such a conspiracy did exist, it will provide appropriate remedies.
 
 
 6
 So ordered.
 
 
 
 Notes:
 
 
 [1]
 Section 8(a) (1), (2), and (3) of the National Labor Relations Act, as amended, 61 Stat. 140, 29 U.S.C. § 158(a) (1), (2), and (3), in pertinent part reads:
 "(a) It shall be an unfair labor practice for an employer —
 "(1) to interfere with, restrain, or coerce employees in the exercise of the rights guaranteed in section 7;
 "(2) to dominate or interfere with the formation or administration of any labor organization or contribute financial or other support to it: Provided, That subject to rules and regulations made and published by the Board pursuant to section 6, an employer shall not be prohibited from permitting employees to confer with him during working hours without loss of time or pay;
 "(3) by discrimination in regard to hire or tenure of employment or any term or condition of employment to encourage or discourage membership in any labor organization: * * *"
 
 
 [2]
 Section 8(b) (1) (A), 61 Stat. 141, 29 U.S.C. § 158(b) (1) (A), in pertinent part reads:
 "(b) It shall be an unfair labor practice for a labor organization or its agents —
 "(1) to restrain or coerce (A) employees in the exercise of the rights guaranteed in section 7: * * *"
 Section 7, 61 Stat. 140, 29 U.S.C. § 157, reads:
 "Employees shall have the right to self-organization, to form, join, or assist labor organizations, to bargain collectively through representatives of their own choosing, and to engage in other concerted activities for the purpose of collective bargaining or other mutual aid or protection, and shall also have the right to refrain from any or all of such activities except to the extent that such right may be affected by an agreement requiring membership in a labor organization as a condition of employment as authorized in section 8(a) (3)."